UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHERYL K. JUSTUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:11-cv-00414-RCJ-RAM |
| vs. ) | |
| ) | |
| BANK OF AMERICA, N.A. et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

This is a standard foreclosure case involving one property. The Complaint lists six causes of action: (1) Breach of Contract; (2) Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Negligence; (4) Fraud; (5) Negligent Misrepresentation; and (6) Unjust Enrichment. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona and does not appear eligible for transfer. Defendants have moved to dismiss. For the reasons given herein, the Court should grant the motion in part.

**I.    THE PROPERTY**

Cheryl K. Justus gave lender Moneyline Lending Services, Inc. ("Moneyline") a $332,000 promissory note to purchase real property at 1795 Canyon Terrace Dr., Sparks, NV 89436 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, Sept. 25, 2005, ECF No. 3-3). Ticor Title was the trustee. (*See id.* 1). First American Title Insurance Corp. ("First American"), as agent for Recontrust Co., filed the notice of default ("NOD") based on a default of unspecified

1  amount as of September 1, 2009. (*See* NOD, Dec. 8, 2009, ECF No. 3-4).  Recontrust noticed a
2  trustee's sale for August 13, 2010. (*See* Notice of Trustee's Sale ("NOS"), July 10, 2010, ECF
3  No. 3-5).  The Property was sold to Greenstreet Holdings LLC for $162,801 on September 13,
4  2010 in accordance with the NOS. (*See* Trustee's Deed, Sept. 21, 2010, ECF No. 3-7).  The
5  Property was not eligible for the state Foreclosure Mediation Program ("FMP"). (*See* FMP
6  Certificate, June 21, 2010, ECF No. 3-6).

**II.  ANALYSIS**

The foreclosure may have been statutorily improper. *See* Nev. Rev. Stat. § 107.080(2)(c). There is no evidence of how Recontrust became the trustee.  The breach of contract claim should therefore normally survive as a claim for statutorily defective foreclosure under section 107.080. However, in this case the Property appears to have been sold to a good faith purchaser for value. Also, as noted at oral argument, the present Complaint was brought beyond the ninety-day window permitted under the statute to obtain the remedy of setting aside the trustee's sale. *See* Nev. Rev. Stat. § 107.080(5)(b).  There are no monetary damages form the statutorily defective foreclosure, because Plaintiff does not deny default and could not have profited from the sale of a property at a price below the amount still owed on the promissory note.

The remaining claims also fail.  First, a lender is not a fiduciary of a borrower, so the tortious bad faith claim fails.  Second, the negligence claim against the lenders cannot lie in the absence of physical harm or property damage.  Third, no misrepresentations are pled with specificity, and the statute of limitations on a fraud claim based on Plaintiff's purchase has run in any case, and the same is true of the negligent misrepresentation claim.  Finally, a claim for unjust enrichment cannot lie where a contract governs the relationship between the parties, as here.

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 3) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case accordingly.

IT IS SO ORDERED.

Dated this 29th day of August, 2011.

_____
ROBERT C. JONES
United States District Judge